UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-03686-5-SWH |
| | ) | |
| KING DAN RIVES | ) | Chapter 13 |
| MARYDEL HART RIVES | ) | |
| Debtors. | ) | |
| _____ | ) | |

**OBJECTION TO CLAIM #9 OF**
**ANDERSON FINANCIAL SERVICES LLC D/B/A LOAN MAX**

NOW COME the Debtors, by and through their undersigned attorney, pursuant to 11 U.S.C.
§ 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, and objects to Proof of
Claim #9 filed by Anderson Financial Services LLC d/b/a Loan Max. In support thereof, the
Debtors shows as follows:

1.  The Debtors filed the above captioned Chapter 13 Bankruptcy case on July 15, 2016, and a
plan has not been confirmed.

2.  On August 2, 2016, Anderson Financial Services LLC ("Claimant") filed Proof of Claim
#1 in the amount of $3,459.51, asserting a non-purchase money security interest security interest
in the Debtors' 2004 Mercedes-Benz.

3.  Anderson Financial Services LLC is a limited liability company organized and existing
under the laws of the State of Idaho and doing business as Anderson Financial Services, LLC Loan
Max or simply Loan Max.

**Factual Allegations**

4.  The Debtor learned, via inducements by Claimant broadcast into North Carolina, that
Claimant was offering title loans to North Carolina residents, and on or about May 14, 2016,
Debtor travelled to Virginia and applied for a loan from the Claimant at the Claimant's South Hill
Virginia office.

5.  The Claimant's South Hill Virginia office is located approximately 13 miles north of the
North Carolina border along the Interstate 85 corridor.

6.  On or about May 14, 2016, Claimant and Debtor entered into an agreement for a loan in
the principle amount of $2,520.00 secured by Debtor's 2004 Mercedes-Benz E Class.

7.  At the time of entering the agreement, Debtor was a resident of North Carolina, and the
2004 Mercedes-Benz was titled in and bore a license plate issued by the state of North Carolina.

8.  A promissory note dated May 14, 2016, recites that the Debtor agreed to repay a principal
sum of $2,520.00 by a series of 12 monthly payments in the amount of $532.20. Such loan carried

a stated annual percentage interest rate of 219.74%. The Debtor further pledged title to a 2004 Mercedes-Benz.

9.   The Debtor was unable to perform on the terms of the note. The Claimant subsequently made demand for payment.

10. Claimant was duly notified of the Debtor's bankruptcy case and filed the claim therein on August 2, 2016, alleging a balance owed of $3,459.51 as of the date the case was filed.

### Cause of Action Supporting Claim Objection

11. Debtor's loan is controlled by the North Carolina Consumer Finance Act, Chapter 53, Article 15, at N.C.G.S. §§53-164 et seq. (the "NCCFA").

12. Claimant situates its business and advertises in such a manner to promote and solicit its services and loans to residents of North Carolina.

13. In the course of financing, the Claimant obtained an entry of a lien on a North Carolina Motor Vehicle title, which is an act occurring inside North Carolina.

14. Claimant's acts attempting to collect payment on the contract while Plaintiff resided in North Carolina constitute the conduct of activities in North Carolina.

15. The filing of a Proof of Claim in the Plaintiff's bankruptcy case, pending inside North Carolina, is an act to enforce the loan agreement.

16. Pursuant to §53-190(b), Claimant, who comes into North Carolina to solicit and conduct activities in regard to its loans in the amount of $10,000 or less, is subject to the requirements of the NCCFA.

17. Claimant's violations of the NCCFA include, without limitation:

   a.   soliciting and collecting upon loans in North Carolina without a license as required at N.C.G.S. §§53-166(a) and 190(b);

   b.   soliciting and collecting in North Carolina on loans charging interest in excess of 36%, in violation of N.C.G.S.§53-173(b);

   c.   attempting to enforce a loan which is unenforceable in North Carolina, in violation of N.C.G.S. §53-190(a), and N.C.G.S. §53-166(d);

   d.   attempting to collect principal and interest charges which it had no right to collect, receive or retain, as provided at N.C.G.S. §53-166(d).

18. Pursuant to N.C.G.S. § 53-166(d) as applied by §53-190(b), the loan between Debtor and Claimant is void.

19. Furthermore, all activity regarding the loan and lien did not occur entirely outside North Carolina, the loan was for $10,000 or less, and carried an interest rate greater than 36%, in contrary to N.C.G.S. § 53-173. Pursuant to N.C.G.S. § 53-190(a), no such loan shall be enforced inside North Carolina.

20. A claim that could not be enforced in an action brought in a court of competent jurisdiction in this state is unenforceable as a claim in bankruptcy.

21. For the reasons alleged herein, the claim is unenforceable against the Debtor under applicable law, and should be disallowed in its entirety under 11 U.S.C. § 502(b)(1).

WHEREFORE, the Debtors respectfully request the Court enter an order:

　　1.　Disallowing Claim #1 filed by Anderson Financial Services, LLC in the amount of $3,459.51 in its entirety; and

　　2.　For such other relief as the Court deems just and proper.

Respectfully submitted, this the 29th day of October, 2016

s/ Erich M. Fabricius　　　　　　　　
Erich M. Fabricius, NC State Bar No. 39667
Attorney for the Debtors
Fabricius & Fabricius PLLC
P.O. Box 1230, Knightdale, NC 27545-1230
Telephone: 919-295-6001　　　Fax: 919-890-3833
Email: emf@fabriciuslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing objection to claim and notice thereof, was served this day on the following parties:

John F. Logan
Chapter 13 Trustee
(electronic notice via CM/ECF)

Pursuant to Bankruptcy Rule 7004, service was made on:

Anderson Financial Services, LLC
ATTN: Roderick Aycox, Managing Member
　　　or other Officer or Managing/General Agent
3440 Preston Ridge Rd #500
Alpharetta, GA 30005
(via first class mail)

This 29th day of October 2016

s/ Erich M. Fabricius　　　　　　　

Local Form No. 1B (9/97)

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### Raleigh Division

| | |
|---|---|
| **IN RE:** | **CASE NUMBER:** |
| **King Dan Rives** | |
| **Marydel Hart Rives** | **16-03686-5-SWH** |
| **DEBTOR(S)** | |

### NOTICE OF OBJECTION TO CLAIM

Debtors King Dan Rives and Marydel Hart Rives have filed an objection to your claim in this bankruptcy case.

Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim, then on or before **December 1, 2016** you or your attorney must file with the court, pursuant to Local Rule 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
P.O. Box 791
Raleigh, N.C. 27602

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also mail a copy to:

Erich M. Fabricius
Fabricius & Fabricius PLLC
P.O. Box 1230
Knightdale, NC 27545

John Logan, Chapter 13 Trustee
P.O. Box 61039
Raleigh, North Carolina 27661-1039

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the objection to claim at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Date: October 29, 2016

Signature: /s/ Erich M. Fabricius
Name:    Erich M. Fabricius
Address:  P.O. Box 1230
             Knightdale, NC 27545
             (919) 295-6001   emf@fabriciuslaw.com